## POWELL v WINKLER, JR

Ohio Appeals, 1st Dist, Hamilton Co

No 4163.   Decided Nov 1, 1932

Powell & Smiley, Cincinnati, and James A. McDonald, Cincinnati, for plaintiff in error.

George J. Slaline, Cincinnati, for defendant in error.

HAMILTON, J.

The specifications of error are:  That the charge of negligence against Powell is not supported by any evidence; that Winkler was guilty of contributory negligence; and that the facts show Winkler to have been guilty of contributory negligence.

Briefly stated, the facts disclosed by the record are:

Winkler at about 8:00 P. M., on the first day of March, 1930, in company with Miss Huppmann, was proceeding westwardly on Gurley Road, which road is opposite the Cleves-Warsaw Pike.  They were proceeding on the north side of Gurley Road, approaching Glenway Avenue.  Upon reaching the intersection, they started to cross Glenway Avenue, Miss Huppmann preceding Winkler had at least reached the center of the intersection, perhaps had passed the center line, when the machine owned and operated by Powell was traveling southwardly on Glenway Avenue, struck Winkler, missing Miss Huppman, who was a few feet ahead of him.

It was a stormy evening, and snow was falling.

Winkler claims the machine was being driven rapidly, and that Powell failed to keep a proper lookout, that Powell approached the intersection at an excessive speed, and that the machine was not properly lighted.

Just why the claim should be made that Winkler was guilty of contributory negligence, we are unable to see from a reading of the record.  Winkler was crossing Glenway Avenue at a proper crossing for pedestrians.  He had at least reached, if not passed the middle line in the avenue.  It was not a case of stepping out from the sidewalk without looking for approaching machines.  No contributory negligence on the part of Winkler was shown.  The burden was on Powell to show contributory negligence, if any existed.

There was evidence tending to show that under the circumstances Powell had failed to approach the intersection with his machine under proper control.  Whether or not he was operating the machine at an excessive speed under all the circumstances was a question of fact for the jury to determine.

There was some evidence tending to show

improper lighting of the automobile, and this would justify the court in charging on the statutes relating thereto.

Plaintiff in error makes the point that the court committed error in charging on the lighting statute. The court is required to take judicial notice of the statute, and the charge was justified under the facts.

The questions involved were jury questions, and in view of all the facts there was evidence tending to support the allegation of negligence charged, and there is no evidence of contributory negligence.

The judgment will be affirmed.

ROSS, PJ, and CUSHING, J, concur.